IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONALD R. ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CV-011-TCK-FHM |
| | ) | |
| RON WARD, Director Oklahoma | ) | |
| Department of Corrections; | ) | |
| MARTY SIRMONS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court in this 28 U.S.C. § 2241 habeas corpus action is Respondent's motion to dismiss petition (Dkt. # 7). Petitioner, a state inmate appearing *pro se*, has filed a response to the motion to dismiss (Dkt. # 9). By Order filed March 14, 2006 (Dkt. # 12), the Court directed Respondent to supplement the record. Respondent filed the supplemental record (Dkt. # 16) on April 10, 2006. Petitioner filed a responsive pleading (Dkt. # 17) on April 18, 2006. Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds Respondent's motion to dismiss petition should be granted.

## *BACKGROUND*

In his petition, Petitioner complains that he "has been deprived 247 earned credits for an erroneous Escape documented on CRC Card, even though Petitioner was found Not Guilty in Disciplinary procedures, which does not satisfy due process requirement." (Dkt. # 1). Petitioner indicates he sought relief by filing a grievance with prison officials, and by filing for mandamus relief in Greer County District Court, Case No. WH-2002-5, and in the Oklahoma Court of Criminal

Appeals ("OCCA"), No. MA-2004-1007.

Respondent has provided a copy of Petitioner's grievance, dated April 8, 2002 (Dkt. # 8, Ex. 1, attachment B-2), in which Petitioner requested removal of escape points based on being found "not guilty" of escape.  As a result, and as noted by Respondent, Petitioner had knowledge of the event triggering the grievance and giving rise to the claim asserted in this action, sometime prior to April 8, 2002. Respondent also provides a copy of a petition for writ of mandamus filed in Greer County District Court, Case No. WH-2002-5, on November 26, 2002, in which Petitioner complains of the assessment of security points based upon a reference or notation of an alleged escape. Id., Ex. 1.  By Order filed December 11, 2002, the state district court denied the petition, finding that "Petitioner shows no clear duty not being enforced by Defendant that is subject to extraordinary writ of mandamus." Id.; see also Dkt. # 9, Ex. 1. After the state district court denied the petition for writ of mandamus, Petitioner filed numerous motions in the Greer County case as follows: a motion for reconsideration, a "motion with intent to appeal," and a "motion to take judicial notice," all filed on December 20, 2002; a "motion to traverse and strike," filed on January 15, 2003; a motion for sanctions, filed on January 29, 2003; a motion for appeal out of time, filed on February 7, 2003; and a "motion to dismiss," filed on June 19, 2003. See Dkt. # 16, attached records from Greer County District Court, Case No. WH-2002-5.  By Order filed June 25, 2003, the state district court ordered that "all pending motions filed by Petitioner are dismissed." Id. On July 15, 2004, Petitioner filed a "motion to reopen and reconsider petition of mandamus."  Id.; see also Dkt. # 9, Ex. 2.  By order filed September 2, 2004, see Dkt. ## 16 and 9, Ex. 3, the state district court denied the motion to reopen.  On October 4, 2004, Petitioner attempted to appeal the denial of mandamus relief to the OCCA where it was assigned No. MA-2004-1007.  See Dkt. # 8, Ex. 3.  However, the state appellate

court denied relief on October 12, 2004, finding as follows:

> Rule 10.1(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2004), requires that in order to seek relief in this Court, an application for extraordinary relief must be filed within thirty (30) days from the date the trial court denied relief. A certified copy of the District Court order must be attached to the petition. Rules 10.1(C)(2) and 10.5(3). Additionally, this time runs from when the District Court denies relief, not from when the District Court denies rehearing or a motion for reconsideration.

See Dkt. # 16, attached supplemental record.

Petitioner filed the instant petition for writ of habeas corpus on January 6, 2005 (Dkt. # 1).

### *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In his "motion to amend response to motion to dismiss" (Dkt. # 10), Petitioner cites an opinion by the Seventh Circuit Court of Appeals, Cox v. McBride, 279 F.3d 492 (7th Cir. 2002), as authority for the proposition that the § 2241(d) limitations period does not apply to this

3

case since he is challenging an administrative decision.  However, this Court is bound by Tenth Circuit authority providing that the one-year limitations period provided by § 2244(d)(1) and the tolling provisions of § 2244(d)(2) apply to claims asserted by a state prisoner in a § 2241 petition. Burger v. Scott, 317 F.3d 1133 (10th Cir. 2003).

Petitioner's claim as asserted in the petition accrued when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  In response to the petition, Respondent provides evidence that Petitioner's claim accrued sometime prior to April 8, 2002, the date of Petitioner's grievance. The Court finds Petitioner's claim accrued well before April 8, 2002, since Petitioner could have discovered his claim "through the exercise of due diligence" as early as July, 1993.[1]  28 U.S.C. § 2244(d)(1)(D). However, giving Petitioner the benefit of the latest possible accrual date of April 8, 2002, then pursuant to § 2244(d)(1)(D), Petitioner's one year limitations period began to run on April 8, 2002, and Petitioner had until April 8, 2003, to file a timely federal petition for writ of habeas corpus challenging the administration of his sentence by the Oklahoma Department of Corrections.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).  Absent a basis for statutory or equitable tolling of the limitations period, Petitioner's petition, filed January 6, 2005, would be untimely.

The running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim *properly filed* during the limitations period.  28 U.S.C. § 2244(d)(2) (emphasis added). On November 26,

---

[1]Petitioner's Consolidated Record Card and other Department of Corrections records reflected the allegedly erroneous "escape" entry since 1993, or almost nine (9) years before Petitioner filed his grievance on April 8, 2002.

2002, with 133 days remaining in the one-year limitations period, Petitioner filed his petition for

writ of mandamus in Greer County District Court.  As a result, the limitations clock stopped running

on that date. Once the state courts concluded review of any properly filed collateral matter, the

limitations clock would begin to run again and Petitioner would have to file his federal petition

within 133 days to be timely. The state district court denied mandamus relief by order filed

December 11, 2002. However, Petitioner failed to perfect an appeal from the order denying

mandamus relief to the OCCA pursuant to requirements imposed by Oklahoma law.[2] See Rule

10.1(C), *Rules of the Oklahoma Court of Criminal Appeals*.  Furthermore, none of the motions filed

by Petitioner in Greer County District Court after entry of the order denying his petition for writ of

mandamus was "properly filed" for purposes of tolling the federal limitations period under 28 U.S.C.

§ 2244(d)(2).  As a result, Petitioner is only entitled to statutory tolling under § 2244(d)(2) for the

period from November 26, 2002, the date he filed his petition for writ of mandamus, through

December 11, 2002, when the state district court denied mandamus relief, plus an additional thirty

(30) days for the time during which Petitioner could have commenced a timely appeal.  Cf. Gibson

v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) (holding that the limitations period is tolled for

the thirty days during which a petitioner could have filed a timely appeal of the state court's denial

of an application for post-conviction relief).  Therefore, Petitioner's limitations clock began running

---

[2]The Court notes that as part of the supplemental record, Respondent has provided a copy of the order filed October 12, 2004, by the OCCA in No. MA-2004-1007.  That Order states that Petitioner "indicates he was denied relief in the District Court of Creek County, Case No. CF-1997-487, on September 2, 2004."  See Dkt. 16.  However, the docket sheet for MA-2004-1007, see Dkt. # 8, Ex. 3, reflects that the appeal was from Greer County District Court, Case No. WH-2002-5. Despite the inconsistencies in the OCCA's Order and the docket sheet for the case, the record clearly supports the conclusion that Petitioner failed to perfect the appeal pursuant to requirements imposed by state law.

again on January 10, 2003, and he had to file his habeas petition within 133 days, or by May 23, 2003, to be timely.

Petitioner filed the petition in this case on January 6, 2005, well beyond the deadline of May 23, 2003. As a result, unless Petitioner demonstrates entitlement to other statutory or equitable tolling, his petition for writ of habeas corpus is untimely. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner asserts that he pursued his claim diligently in Greer County District Court. See Dkt. # 9. The record before the Court demonstrates that Petitioner filed many motions in Greer County District Court attempting to obtain relief on his claim. Unfortunately, the motions were filed after the state district court had already denied mandamus relief and none served to perfect an appeal in the OCCA or to toll the federal limitations period. Furthermore, Petitioner has failed to demonstrate that either his inability to perfect an appeal in the OCCA as provided by Oklahoma law or his inability to file a timely habeas corpus petition was due to circumstances beyond his control. Gibson, 232 F.3d at 808. Petitioner claims that he "was without knowledge" of state law governing the preparation, mailing and filing of judgments, degrees and appealable orders. See Dkt. # 17. However, neither Petitioner's *pro se* status or his lack of legal knowledge excuses prompt filing. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted). As a result, the Court finds Petitioner is not entitled to

6

equitable tolling of the limitations period.  See Miller, 141 F.3d at 978.

This action is time-barred.  Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.    Respondent's motion to dismiss (Dkt. # 7) is **granted**.

2.    The 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by the statute of limitations.

3.    A separate Judgment shall be entered in this matter.

DATED this 25th day of January, 2007.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE